UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA PODA,

      Plaintiff,                        Case No. 8:23-cv-00632-WFJ-AAS

v.

GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY

      Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO THE COMPLAINT OF PLAINTIFF**

      Comes now the Defendant, Globe Life And Accident Insurance Company (Globe Life or Defendant), and answers the complaint of Plaintiff, Joshua Poda, as follows.

RESPONSES TO THE GENERAL ALLEGATIONS

1.     Without knowledge.

2.     Without knowledge.

3.     Admitted.

4.     Without knowledge.

5.     Without knowledge as to all facts alleged, but Defendant agrees that venue is properly set in the Middle District of Florida.

6.     Without knowledge as to whether Joshua Poda is the only son of James Poda, but otherwise Defendant doesn't contest the death of James Poda by reason of receiving

1

a death certificate indicating his death.

7. Admitted that the said policy was in effect and that its contents establish when a death benefit is owed, but deny that according to its language a death benefit was owed on the death of James Poda. Defendant denies Exhibit 1 is a complete copy of the life policy issued James Poda.

8. Admitted that the policy provides a death benefit of $200,000.00, but deny that an accidental death is the only requirement for payment of the death benefit.

9. Admitted.

10. Admitted.

11. Admitted that the insured was involved in a motor vehicle accident on April 10, 2021, but deny such motor vehicle accident caused any traumatic damage to the insured that caused his death, and further state that the death certificate is an instrument that speaks for itself.

12. Defendant admits that it denied the claim because the insured did not suffer traumatic bodily injury by reason of an accident that led to his death, and therefore was not within the coverage terms of the policy. Any exclusion that applies will be plead as an affirmative defense.

RESPONSES TO THE ALLEGATIONS OF COUNT I -
DECLARATORY RELIEF

13. Defendant re-alleges all prior responses as though incorporated herein.

14. Without knowledge as to the policy's issue date, but otherwise admit that the policy

was issued with an effective date of January 23, 2009. Further admit that all premium payments had been made to keep the policy in force through the date of the insured's death.

15. Admit that the death certificate indicates the date of the insured's death to be April 20, 2021, but otherwise Defendant has no personal knowledge of the insured's death. Deny that the insured's death, as alleged, was a covered risk under the policy, therefore the accidental death benefit is not due and payable.

16. Admitted.

17. Admitted that the death certificate reads the cause of the insured's death was by accidental means, but Defendant denies that the insured died as a result of accidental traumatic damage to his body that resulted in his death; rather, he died by reason of long existing serious medical disorders to which he refused treatment, which was the cause of his death, therefore the death benefit was not payable.

18. Denied.

19. Admit that Defendant refuses to pay the death benefit, otherwise Defendant denies the remainder of the allegations.

RESPONSES TO THE ALLEGATIONS OF COUNT II - BREACH OF CONTRACT

20. Defendant re-alleges its responses to the allegations of paragraphs 1-12 hereof as if incorporated herein.

21. Without knowledge as to the issue date of the policy, but Defendant otherwise

admits that the policy was issued with an effective date of January 23, 2009, and that all premium payments required to keep it in-force were made.

22. Admitted that the insured died on April 20, 2021, according to a death certificate, but Defendant denies the death benefit is due and payable.

23. Admitted.

24. Denied, except that the insured was reported to have been involved in motor vehicle accident on April 10, 2021.

25. Admitted that Plaintiff correctly recreated a portion of the policy's language, but not all the language that is needed to determine whether the death benefit is payable. Further deny that Exhibit 1 constitutes the entirety of the accidental death policy issued James Poda.

26. Admitted that premium payments were made, without knowledge of what the deceased insured believed.

27. Admit the policy was in effect at the insured's death, but the remainder of the allegations are denied.

28. Without knowledge.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits it owes a duty to pay valid claims, Defendant denies Plaintiff

submitted a valid claim for the death benefit as Plaintiff failed to submit sufficient proof that evidenced James Poda died by reason of traumatic damage to his body brought about as a result of the motor vehicle accident that occurred on April 10, 2021.

33. Denied.

34. Admit that Defendant properly refused to pay the claim of Plaintiff as Plaintiff failed to provide the required proof of traumatic damage to the insured's body by reason of the April 10, 2021, motor vehicle accident.

35. Denied.

36. Denied.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ABOVE ARE DENIED AND STRICT PROOF THEREOF IS DEMANDED.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**: Plaintiff fails to state a cause of action for declaratory relief as plaintiff's count one is nothing more than a breach of contract action. Plaintiff fails to plead any language of the policy that causes plaintiff doubt and requires this court's construction to remove that doubt. Nor does plaintiff plead that he is in doubt to his rights under the policy: according to plaintiff, he is abundantly sure he is entitled to the death benefit. Accordingly, the court should not entertain plaintiff's request for this court's discretionary review of a claim for declaratory relief.

**SECOND DEFENSE**: Count II for Breach of Contact should be dismissed for failing to state a cause of cause of action in that Plaintiff failed to satisfy the requirement that he plead that all conditions precedent have been met or that he performed all his duties under the contract prior to bringing suit.

**THIRD DEFENSE**: Plaintiff has failed to meet all conditions precedent to requiring payment of the death benefit under the policy issued James Poda because plaintiff never provided defendant with a legally sufficient proof of loss that established James Poda suffered a traumatic bodily injury by accidental means that resulted in his death within 90 days of the date of the alleged accident.

**FOURTH DEFENSE**: Exclusion one of the subject policy provides that no benefit will be payable if the insured dies by reason of a disease, sickness, infection, bodily or mental infirmity, or medical or surgical treatment for same. The medical records concerning James Poda's death reveal that James Poda died as a result of multiple, long standing and severe diseases, sicknesses, and/or bodily or mental infirmity that were not caused by or resulted from an accident that occurred within 90 days of the date of his death, by reason of which there is no coverage for the claim submitted by the Plaintiff. Defendant attaches **Exhibit A**, being a complete copy of the policy as issued and incorporates same by reference into this pleading.

**FIFTH DEFENSE**: Exclusion two of the subject policy provides that no benefit will be payable if the insured dies by reason of suicide, while sane or insane. To the extent the

6

insured's death was caused by or resulted from suicide, there is no coverage for the claim submitted by the Plaintiff.

WHEREFORE, Defendant requests judgment in its favor and an award of attorneys fees and costs in defending this action.

**I HEREBY CERTIFY** that on June 14th, 2023, I/we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF participant: Whitney Page, Esq., of the Law Offices of Jason Turchin at 2883 Executive Park Drive, Suite 103, Weston, Fla. 33331 >whitney@victimaid.com< and to Jason Turchin, Esq. of the Law Offices of Jason Turchin at 2883 Executive Park Drive, Suite 103-A, Weston, Fla. 33331 >jason@victimaid.com< and to Christopher J. Brochu, Esq. of Brochu Law, PLLC , at 841 Prudential Drive, Suite 1200, Jacksonville, Fla. 32207 >c.brochu@brochulaw.com Counsel for Plaintiff. I further certify that the foregoing document is being served this same date on all counsel of record identified on the attached Service List, if any, in the manner specified either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties or counsel who are not authorized to receive electronically Notices of Electronic Filing.

/S/ John L. Maloney
John L. Maloney, Esq.
Florida Bar No. 312932
Law Office of John L. Maloney, P.A.
2738 Via Tivoli, Suite 210B
Clearwater, Florida 33764
(727) 333-7362
jlmaloneyoffice@tampabay.rr.com
Lead Trial Counsel for Defendant
ATTORNEY TO BE NOTICED

/s/ Lawrence I. Bass
Lawrence I. Bass, Esquire
Florida Bar No.: 338435
Law Office of Lawrence I. Bass, P.A.
516 Overlook Drive
North Palm Beach, FL 33415
Telephone:    (561) 329-3477

7

        E-mail:  lawrencebass@bellsouth.net
        basslaw@gmail.com
Co-counsel for Defendant
ATTORNEY TO BE NOTICED